990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Raymond WESTON, II, Defendant-Appellant.
 No. 92-30206.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.
Decided March 18, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Raymond Weston II appeals pro se the district court's denial of his Fed.R.Crim.P. 35 motion to reduce his 10-year sentence. He was convicted following guilty pleas to manufacture of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during a drug offense in violation of 18 U.S.C. § 924(c). Weston contends that the district court erred by denying his Rule 35 motion because his sentence was illegal. Although the district court reached the merits under Fed.R.Crim.P. 35(a), we shall treat Weston's motion as one brought pursuant to 28 U.S.C. § 2255. See United States v. Johnson, No. 91-30242, slip op. 1919, 1923 (9th Cir. Mar. 4, 1993).[1] We review de novo, see id. at 1923-24, and we affirm.
 
 
 3
 Here, the presentence report indicated that Drug Enforcement Administration (DEA) agents and local officers seized eleven containers and various firearms from Weston's residence. A DEA analysis of the containers revealed that six items contained a total of 144 grams of methamphetamine, two items contained residual amounts of methamphetamine, two items contained a total of 40 grams of phenyl-2-propane, and one item contained acetone.
 
 
 4
 On August 10, 1990, pursuant to a negotiated plea agreement, Weston pled guilty to the drug and firearm offenses. The plea agreement indicated that "he manufactured at least 100 grams of methamphetamine" for sentencing purposes. On December 17, 1990, the district court imposed the statutorily-mandated minimum 10-year sentence for the drug offense, see 21 U.S.C. § 841(b)(1)(A)(viii) (1990), followed by a mandatory consecutive five-year sentence for the firearm offense, see 18 U.S.C. § 924(c)(1) (1990). The judgment was entered on December 26, 1990.
 
 
 5
 On January 13, 1992, Weston filed a petition "for review of final sentence pursuant to 18 U.S.C. § 3742(a)(3) and motion for reduction of sentence pursuant to Rule 35(a) R.C.P., Title 18 U.S.C. [sic]." Relying on the 1991 amendment to section 841(b)(1)(A)(viii), Weston argued that his 10-year sentence was illegal because his offense involved only 144 grams of a mixture containing methamphetamine instead of the 1000 grams required under the amended version. On February 24, 1992, the district court entered a minute order denying the Rule 35 motion. We find no error.
 
 
 6
 Weston stipulated in the plea agreement that he manufactured "at least 100 grams of methamphetamine," not a mixture containing methamphetamine. Thus, even under the 1991 amendment, Weston would receive the mandatory minimum 10-year sentence. See 21 U.S.C. § 841(b)(1)(A)(viii) (1991).[2]
 
 
 7
 Accordingly, because the sentence is legal, the district court properly denied the motion. See Johnson, No. 91-30242, slip op. at 1928.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The 1991 version of Rule 35(a), which applies to offenses committed after November 1, 1987, and governs this case, allows a district court to correct a sentence only following remand from this court. Section 2255 offers federal prisoners relief from sentences imposed in violation of the Constitution or laws of the United States. See 28 U.S.C. § 2255; see also Johnson, No. 91-30242, slip op. at 1923 (construing defective former Rule 35 motion as one for relief under section 2255)
 
 
 [2]
 Weston also argues that the government breached the plea agreement because the statute only requires a 10-year sentence for drug offenses involving more than 100 grams of methamphetamine. This contention is meritless. The 10-year sentence applies to offenses involving "100 grams or more of methamphetamine." See 21 U.S.C. § 841(b)(1)(A)(viii)